UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN WISE,

          Plaintiff,

   v.

STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS, *et al*,

          Defendants.

Case No. C05-5810FDB

ORDER TO SHOW CAUSE

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.

    On December 19, 2005, the clerk received plaintiff's complaint. (Dkt. #1). On December 22, 2005, the clerk sent a letter to plaintiff, informing him that he must either pay the $250.00 court filing fee or a proper application to proceed *in forma pauperis*. (Dkt. #2). On January 19, 2006, plaintiff filed an application to proceed *in forma pauperis*. (Dkt. #5). However, pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified

ORDER
Page - 1

copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus also is required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint. To date, plaintiff has not done so.

Accordingly, this Court orders the following:

(1) Plaintiff shall seek to cure this deficiency by filing **no later than March 3, 2005**, a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint.

**Failure to cure this deficiency by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 1st day of February, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2