UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN WISE,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No. C05-5810 FDB/KLS

ORDER DENYING MOTION TO AMEND COMPLAINT

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for leave to file an amended complaint. (Dkt. # 31). For the reasons stated below, the Court finds that the motion to amend should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on April 10, 2006. (Dkt. #15). Defendants answered on July 7, 2006. (Dkt. # 29). Plaintiff alleges that his Eighth Amendment and First Amendment rights were violated because he claims the Defendants wrongfully denied him access to fresh/outdoor air and because his pre-stamped envelopes were taken. (Dkt. # 15). Plaintiff seeks declaratory and injunctive relief.

ORDER - 1

Plaintiff alleges that his civil rights were violated when he was denied access to the outdoors during his hour of "yard time" while he was housed in the Intensive Management Units (IMU) at the Washington State Penitentiary (WSP) and Washington Corrections Center (WCC). (Id.) Plaintiff now seeks to include new claims for the loss of yard for some infractions he received. (Dkt. # 31). He also seeks to reaffirm that he has now completed the grievance process regarding the denial of his mail. (Id.). Plaintiff has not provided the Court with a copy of his proposed amended complaint.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." Id. Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." Id.; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach City, 125 F.3d 777, 786 (9th Cir. 1997).

A proposed amendment that necessitates reopening discovery or that creates the need for further discovery causes undue prejudice to the opposing party. Lockhead Martin Corp. v. Networth Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). Leave to amend has also been denied when the moving party knew or should have known the facts upon which the amendment is based when drafting the original pleading, but did not include them in the original pleading. Jordan v. Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).

In this case, Plaintiff did not submit a proposed amended complaint. In his motion to amend,

ORDER - 2

Plaintiff requests leave to add "at least two" administratively exhausted claims for the loss of yard time and mail access, which he claims are further continuing evidence of constitutional violations justifying the injunctive relief he seeks. (Dkt. # 31, p 1-2). Defendant argues that Plaintiff's motion to amend is futile as he seeks to amend his complaint to show that he completed the grievance process, even though he appears to have claimed this when he filed his original complaint. (Dkt. # 39). Defendants also argue that the additions will likely be dismissed and that they are insufficient to supercede the original complaint as Plaintiff failed to make statements incorporating his prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

An amended complaint supersedes the original in its entirety, making the original as if it never existed. Id. The allegations contained in Plaintiff's motion are not sufficient to properly plead an amended complaint to include all of Plaintiff's factual and legal allegations. The Court finds that Plaintiff's motion to amend should be denied as Plaintiff has failed to provide a proposed amended complaint to allow the Court to adequately determine what the Plaintiff wishes to add to his case.

Accordingly, Plaintiff's motion to amend his complaint (Dkt. # 31) is **DENIED**.

DATED this 13th day of December, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3